UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD SMALLEY, )
 )
 Petitioner, )
 )
 vs. ) Case number 4:02cv1578 TCM
 )
KELLY LOCK, )
 )
 Respondent. )

**MEMORANDUM AND ORDER**

Richard Smalley (Petitioner), a Missouri prisoner serving an aggregate twenty-year sentence imposed on his 1995 guilty plea to two counts of second degree murder, petitions this Court[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Background**

After the two charges against him had been reduced from first degree murder to second degree, Petitioner informed the trial court that he wished to plead guilty to the both charges. (Resp. Ex. A at 20.) Petitioner also affirmed that his trial counsel had told him that the range of punishment for each offense was not less than 10 nor more than 30 years or life imprisonment. (Id. at 21.) He confirmed that he understood the rights, each explained by the trial court, he was waiving by pleading guilty. (Id. at 21-23.) He was satisfied with his counsel's representation and did not want her to do anything she had not done. (Id. at 23.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Petitioner further informed the trial court that he was in fact guilty of the amended charges, that he understood the prosecutor's sentence recommendation of concurrent 20-year terms of imprisonment, and that he was asking the trial court to follow that recommendation. (Id. at 25.) The trial court did. (Id. at 27.)

The trial court then advised Petitioner of his right to file a motion for post-conviction relief and of the time limits for doing so. (Id. at 27-28.) Again, the court inquired about Petitioner's satisfaction with his attorney and was reassured by Petitioner that he was satisfied and that no promises or threats had been made to cause him to plead guilty. (Id. at 29.)

In August 2001, citing Missouri Supreme Court Rule 29.07(d),[2] Petitioner filed a Motion to Withdraw Guilty Plea to Correct Manifest Injustice. (Id. at 11-15.) He argued that (1) there was insufficient evidence to charge and prosecute him for second degree murder because the state did not meet its burden of proof at the preliminary hearing and because the inconsistent, self-serving statements of Michael Williams were insufficient proof Petitioner committed a crime, and (2) trial counsel was ineffective because counsel failed to challenge (a) the state's evidence at the preliminary hearing, (b) Williams' in-court identification, and (c) the admissibility of unreliable statements and identification. (Id.) Four days later, this motion was denied. (Id. at 2.) Fifty-six days later, on October 22,

---

[2]Rule 29.07(d) provides:
    A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Petitioner filed a notice of appeal, raising the same two grounds. (Id. at 2, 4; Resp. Ex. B at 5-6.)

On August 5, 2002. the Missouri Court of Appeals affirmed the denial of Petitioner's motion in a two-paragraph per curiam order. (Resp. Ex. D.) In an accompanying, unpublished memorandum, the court held as follows:

> The grounds on which defendant relies are claims his conviction violated the U.S. Constitution. Rule 24.035 provides the exclusive procedure for seeking relief for those claims. *See* Rule 24.035(a). Rule 24.035(b) imposes a time limit on seeking relief under that rule. Because sentence was pronounced prior to January 1, 1996, defendant's right to post-conviction relief was governed by the provisions of Rule 24.035 in effect on December 31, 1995. *See* Rule 24.035(m). In order to seek relief under Rule 24.035, defendant would have had to file a Rule 24.035 motion within 90 days after he was delivered to the department of corrections. *See* Rule 24.035(b), Missouri Rules of Court 1995. Failure to file a motion within the time prescribed is a complete waiver of any right to proceed under the rule and a complete waiver of any claim that could be raised under it. . . .
>
> Defendant was, or reasonably should have been, aware of the claims he now attempts to assert in time to have pursued a motion under Rule 24.035. His attempt to assert those claims by means of Rule 29.07(d) is impermissible. ***Brown v. State***, 66 S.W.3d 721, 727 (Mo. banc 2002).
>> To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts.
>
> *Id.* at 727-28. . . .

Petitioner moved for a rehearing or to transfer his appeal to the Missouri Supreme Court.[3] (Pet'r Ex. [1].)

---

[3]There is no indication in the record as to disposition of this motion.

Petitioner now seeks habeas relief on the grounds that (1) the evidence was insufficient to convict him; (2) his guilty plea was involuntary and unknowing because his trial counsel overborne his free will and because he was denied his right to counsel at a critical stage of the proceedings; and (3) the state courts applied the holding in **Brown**, supra, retroactively. Respondent argues that the petition is untimely; the claims are procedurally barred; the first two claims are without merit; and the third claim is not cognizable in § 2254 proceedings.

## Discussion

Petitions for § 2254 relief filed after the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – April 24, 1996 – are governed by the Act. **Williams v. Taylor**, 529 U.S. 420, 429 (2000); **Owens v. Dormire**, 198 F.3d 679, 681 n.2 (8th Cir. 1999). Title 28 U.S.C. § 2244(d), as amended by the AEDPA, provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner was sentenced on May 16, 1995. He did not file a direct appeal or a motion for post-conviction relief. His motion to withdraw his guilty plea was not filed until August 2001.

For cases such as Petitioner's, in which the conviction became final before the effective date of the AEDPA, the Eighth Circuit Court of Appeals has adopted a one-year grace period, beginning April 24, 1996, and ending April 24, 1997, for the filing of habeas petitions. See **Cross-Bey v. Gammon**, 322 F.3d 1012, 1014 (8th Cir. 2003); **Baker v. Norris**, 321 F.3d 769, 771 (8th Cir. 2003); **Ford v. Bowersox**, 178 F.3d 522, 523 (8th Cir. 1999). There were no proceedings in state court during this grace period; thus, Petitioner had to file his habeas petition on or before April 24, 1997. He did not. His petition is clearly time-barred.

"Because § 2244(d)(1) is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances." **Cross-Bey**, 322 F.3d at 1014-15. "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." **Id.** at 1015 (alteration added). Petitioner has not alleged that any such circumstance or conduct exists. Indeed, he has not replied to Respondent's argument that his petition is untimely. And, his pro se status is not a qualifying circumstance. See **Id.**; **Baker**, 321 F.3d at 771-72.

**Conclusion**

The pending 28 U.S.C. § 2254 petition is untimely. See **Baker**, 321 F.3d at 772 (affirming dismissal as untimely § 2254 petition challenging pre-AEDPA conviction but not filed until August 2001). Accordingly,

**IT IS HEREBY ORDERED** that the 28 U.S.C. § 2254 petition of Richard Smalley is **DISMISSED**.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of February, 2006.